**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANNY F. ATTERBURY, | No. 12-17262 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-02387-LHK |
| v. | |
| DENISE DALY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

Danny F. Atterbury appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action arising from the collection of his DNA

before being released from civil commitment after pleading not guilty by reason of

insanity to attempted murder. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo, *Corales v. Bennett*, 567 F.3d 554, 562 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment on Atterbury's retaliation claim because Atterbury failed to raise a genuine dispute of material fact as to whether defendant ordered the collection of his DNA sample because of his alleged complaints against her, her department, or the hospital where he was committed, and whether the collection of DNA failed to advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (First Amendment retaliation claims require plaintiff to show that an adverse action was taken against him because of his protected conduct, and that the action reasonably advanced a legitimate correctional goal).

The district court properly granted summary judgment on Atterbury's unreasonable search and seizure claim on the basis of qualified immunity because California state law requires those found not guilty by reason of insanity of a felony to provide a DNA sample, and Atterbury's right to be free of this requirement under the Fourth Amendment is not clearly established. *See* Cal. Penal Code § 296(a)(1) (requiring collection of a DNA sample from any person found not guilty by reason of insanity of any felony offense); *Pearson v. Callahan*, 555 U.S. 223, 232-36 (2009) (describing qualified immunity analysis).

Atterbury's contentions regarding the district court's alleged failure to construe his allegations liberally, to consider arguments regarding the collection of DNA from other patients, to grant him leave to amend, to exclude unauthenticated evidence, to allow him a hearing on the merits of his claims, and to stay this action pending a decision in *Haskell v. Harris*, 669 F.3d 1049 (9th Cir.)*, reh'g en banc granted*, 686 F.3d 1121 (9th Cir. 2012), are unpersuasive.

Issues raised for the first time in Atterbury's reply brief regarding the need for discovery and the alleged abuse that patients suffer at the hospital during their civil commitment are deemed waived. *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (per curiam).

**AFFIRMED.**